IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**DEBORAH EVANS,**
**Claimant Below, Petitioner**

FILED
**January 10, 2023**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 22-ICA-48**      (BOR Appeal No.: 2057996)
                              (JCN: 2021022059)

**WAYNE COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Deborah Evans appeals the July 25, 2022, order of the Workers' Compensation Board of Review ("Board"). Ms. Evans' employer, Respondent Wayne County Board of Education ("WCBOE"), filed a timely response.[1] Ms. Evans did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order rejecting her workers' compensation claim as noncompensable.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the lower tribunal's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Evans alleges that she was injured on April 6, 2021, while she was employed by WCBOE as an autism mentor. She stated that as she was assisting a student preparing to leave school, she bent over to pick the student up and felt a sharp pain in her lower back. Ms. Evans initially believed that she had pulled something in her lower back, but the pain worsened and began radiating down her left leg after she went home for the day. She presented to the emergency room at Three Rivers Medical Center the same day and was given a pain injection and advised that she had pulled muscles in her back.

On April 7, 2021, Ms. Evans returned to the emergency room when her pain worsened and was again advised that she had pulled muscles in her back. The ER provider recommended physical therapy for six weeks. Ms. Evans was diagnosed with strain of muscle, fascia, and tendon of her left hip.

---

[1] Petitioner is represented by Edwin H. Pancake, Esq. Respondent is represented by Jeffrey M. Carder, Esq.

On April 11, 2021, Ms. Evans was seen at Cabell Huntington Hospital and diagnosed with degenerative disc disease of the lumbar region, sciatica, and strain of the lumbar region. A lumbar spine radiology report indicated multilevel degenerative changes. On May 13, 2021, Ms. Evans underwent a CT scan of the lumbar spine which indicated degenerative changes.

On May 19, 2021, the claim administrator denied Ms. Evans' claim for workers' compensation benefits after concluding that she had not sustained an injury at work. Ms. Evans protested this order.

On October 5, 2021, Ms. Evans was deposed and testified that she did not have any preexisting back issues. Ms. Evans also agreed with the statement that she did not get hurt at work, rather, she realized she was injured later in the day. Ms. Evans admitted that she did not say anything about her injury while at work and did not believe that her co-workers would have known that she was injured.

Ms. Evans' medical records established that she suffered preexisting chronic back problems and leg pain. Medical records from 2005 indicate that petitioner was suffering from degenerative changes, including neural foraminal stenosis. Medical records from 2008 note petitioner's back pain and degenerative changes. Medical records from 2011 indicate the petitioner complained of back pain and had severe pain and swelling in both of her legs. In 2016, Ms. Evans was diagnosed with chronic back pain. From 2017 through 2021, Ms. Evans was seen several times for her back pain which was attributed to degenerative changes. In 2021, Ms. Evans was diagnosed with osteoarthritis of both knees.

On March 4, 2022, the Office of Judges' ("OOJ") affirmed the claim administrator's decision and found that Ms. Evans had not established that she had a discrete new injury separate from her preexisting back condition. The OOJ also noted that Ms. Evans' credibility was "diluted" due to her contradictory statements. On July 25, 2022, the Board affirmed the OOJ's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;

(3) Made upon unlawful procedures;

(4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, Ms. Evans argues that she clearly suffered a new injury, the sprain/strain to her lower back, notwithstanding the preexisting degenerative changes and prior back pain. Ms. Evans further argues that where there is a new injury that is "unquestionably proven" as it is in the instant claim, the claimant's prior lower back problems should not shield the employer from its responsibility to provide the claimant benefits for injuries resulting from its employee's work.

Ms. Evans attempts to distinguish her case from that of *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016). In *Gill*, the Supreme Court of Appeals held that,

> "[a] noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a discrete new injury, that new injury may be found compensable." *Id*. at 738, 783 S.E.2d at 858, Syl. Pt. 3.

Ms. Evans argues that she clearly suffered a discrete new injury.

Further, Ms. Evans contends that she is entitled to the rebuttable presumption set forth in *Moore v. ICG Tygart Valley, LLC*, ___ W. Va. ___, 879 S.E.2d 779 (2022). In Syllabus Point 5 in *Moore*, the Supreme Court of Appeals held that, "[a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards." *Id*. In *Moore*, the Court clarified that even if a claimant is entitled to this rebuttable presumption, "a claimant has the burden of proving that the compensable injury exacerbated, accelerated, or worsened the preexisting injury or disease to the extent that it caused a new distinct injury." *Id*. at 788.

After review, we conclude that the OOJ, as affirmed by the Board, did not err in finding that Ms. Evans' contradictory statements regarding her alleged injury were troubling. In her October 5, 2021, deposition Ms. Evans testified that she had sustained a back injury fifteen years prior, but she denied having any ongoing back problems. However, Ms. Evans' medical records indicate that she has had extensive ongoing

problems with back and leg pain. The OOJ was not wrong in their determination that Ms. Evans credibility is "diluted" by her contradictory testimony.

Ms. Evans argument that she is entitled to the presumption set forth in *Moore* fails due to her extensive history of preexisting back pain and leg pain. Ms. Evans has not sufficiently established that she suffered a new and discrete injury that is separate from her extensive history of preexisting back and leg pain. She suffered the same symptoms prior to and after the alleged injury. Ms. Evans has suffered similar ongoing symptoms for more than ten years.

Finding no error in the Board's order affirming the claim administrator's order rejecting Ms. Evans' workers' compensation claim as noncompensable, we affirm.

Affirmed.

**ISSUED:** January 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen